IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| B.F. JACKSON, INC. d/b/a "BILL JACKSON & ASSOCIATES" AND BILL JACKSON <br><br> VS. <br><br> COSTAR REALTY INFORMATION, INC. d/b/a "COSTAR GROUP" AND CURTIS RICKETTS | § § § § § § § § § § § CIVIL ACTION NO. H-08-CV-3244 |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs B.F. Jackson, Inc. d/b/a "Bill Jackson & Associates" and Bill Jackson ("Jackson") file this Plaintiffs' First Amended Complaint, before Defendants have filed any responsive pleading herein, complaining of Defendants CoStar Realty Information, Inc. d/b/a "CoStar Group" ("CoStar") and Curtis Ricketts ("Ricketts"), and would respectfully show the Court as follows:

I.

### PARTIES

1.    B.F. Jackson, Inc. is a registered Texas corporation with its place of business at 17024 Butte Creek Road, Suite 200, Houston, Texas 77090, Harris County, Texas.

2.    Mr. Jackson is an individual that resides in Harris County, Texas.

3. CoStar is a Delaware corporation that is licensed to do business in the State of Texas. CoStar has been served by delivering Citation and a copy of Plaintiffs' Original Petition to its registered agent, CSC-Lawyers Incorporating Service, at 701 Brazos Street, Suite 1050, Austin, Texas 78701. Defendant has appeared herein.

4. Mr. Ricketts is an individual who is a resident of Maryland, who engaged in business activities in Texas. Mr. Ricketts does not maintain a regular place of business in Texas, does not have a designated agent for service of process, and the lawsuit arises from Mr. Rickett's business activities in Texas. Therefore, the Texas Secretary of State is the proper agent for service of process on Mr. Rickets pursuant to the Texas Long Arm Statute, Section 17.044 of the Texas Civil Practice and Remedies Code. Mr. Ricketts has been served and has appeared herein.

## II.

## JURISDICTION

5. The Court has jurisdiction over the controversy, which was removed to this Court by the Defendants, because the Plaintiffs are residents of Harris County, Texas, Defendants' activities made the basis of Plaintiffs' claims occurred substantially in Texas, the damages sustained by Plaintiffs occurred in Harris County, Texas, and because the damages are within the limits of the Court's statutory jurisdiction.

## III.

## VENUE

6. Venue is proper in the Southern District of Texas, Houston Division. Specifically, venue is allowed in this county because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims and the damages sustained by Plaintiffs occurred in Harris County, Texas.

## IV.

## FACTS

7. B.F. Jackson, Inc. is a small corporation in the business of performing residential real estate appraisals. Mr. Jackson is President of B.F. Jackson, Inc. and is a professional licensed real estate appraiser.

8. CoStar, upon knowledge and belief, is in the business of providing subscription web or internet services principally related to the commercial real estate industry. Mr. Ricketts holds the title of and acts as Director of the Fraud, Theft & Litigation Team at CoStar.

9. Plaintiffs never had a contractual relationship with Defendants, nor do Plaintiffs owe any debt to Defendants.

10. Mr. Jackson, on or after June 4, 2008, without any prior communication or inquiry from Defendants, received a letter addressed to him from Mr. Ricketts of CoStar that was dated June 4, 2008, and had the subject line "Your use of CoStar database services" ("Letter"). The Letter had several enclosures.

11. In the Letter, Defendants allege that associates at B.F. Jackson, Inc. "improperly and unlawfully logged in to CoStar's service using the pass code information assigned for use by Bolton & Baer employees only." Based on this allegation, Defendants attacked Mr. Jackson in writing and outlined numerous potential causes of action that it claimed to have against Plaintiffs, including, but not limited to, intellectual property violations, contractual violations, fraud, and criminal violations.

12. Defendants harassed Plaintiffs by boasting of large judgments they allege they obtained against various other parties, and alluded to the fact that they had in the past ruined and shut down other businesses they had pursued, and could do the same

to Plaintiffs' business. Defendants also claimed their intent, if necessary, to pursue Bill Jackson and each employee of B.F. Jackson, Inc. on a personal level. They even boasted about obtaining a large judgment against a former client that had merely shared a password.

13. Defendants further intimidated and threatened Plaintiffs by stating they were actively involved with numerous criminal prosecutions, and even went so far to say that in the situation involving Plaintiffs, if not successfully resolved to their liking, they would possibly forward "the case to the FBI and the US Department of Justice for possible criminal investigation and prosecution."

14. Defendants stated they are willing to "resolve this matter now amicably if <u>you</u> cure <u>your</u> past violations by paying for past unauthorized use and entering a license to cover future use of Costar services and data" (emphasis added). Defendants attached a document to the letter addressed to Bill Jackson personally, for him to personally pay for services "previously rendered from March 1, 2005 through January 23, 2008," which they alleged totaled $93,030.00. Defendants further attached a "license agreement," attempting to compel Plaintiffs to enter into a two-year agreement with CoStar at the rate of $2,658.00 per month for information about Dallas and Houston, totaling more than $63,790.00. The total of these demands is $156,822.00. Defendants' letter, written threats, and extortionist notes and contracts are attached hereto as Exhibit "A" and incorporated herein for all purposes. Curiously, Plaintiffs had been independently approached by Defendants' marketing personnel, both before and after the letter of June 4, 2008, for their services in Houston, the only area in which

Plaintiffs reside and work. On both occasions, Defendants' marketing personnel offered to provide their services to Plaintiffs for $400 per month.

15. Defendants concluded their letter by stating that if they did not receive the invoiced amount and signed agreements back within a mere two business days after receipt of the Letter, then CoStar would pursue "the maximum amount of damages available under the law, the reimbursement of all its attorneys' fees, as well as possible forwarding of the case to the FBI and US Department of Justice for possible criminal investigation and prosecution."

16. Within one week of sending the Letter, Mr. Ricketts telephoned Mr. Jackson two days in a row—once on June 10, 2008 and once on June 11, 2008—until Mr. Jackson was forced to seek legal counsel. Further, when Plaintiffs' counsel telephoned Mr. Ricketts, Mr. Ricketts proceeded to call Plaintiffs "thieves" and "frauds."

17. Plaintiffs do not owe Defendants any money to their knowledge, and Defendants' negligent, reckless, outrageous, fraudulent and intentionally malicious actions, that came "out of the blue" have caused Jackson significant emotional trauma and mental anguish.

18. Defendants made no reasonable investigation into how one of their admittedly authorized licensees, Bolton & Baer, was or was not using Bill Jackson & Associates' location, something they were fully authorized to do. Had they done so, they would have discovered that said licensee, with full authority, had authorized another small firm that offices at Bill Jackson & Associates' location to use their service. This absence of investigation was negligent and grossly negligent. If Defendants had done any meaningful investigation into the type of real estate work done by Bill Jackson

& Associates, they would have known that Plaintiffs were not involved in the type of real estate appraisal services that would have benefited from Defendants' alleged services. Instead, Defendants launched an intentional and reckless attack upon Bill Jackson and Bill Jackson & Associates. Defendants did so without any regard for the effects this attach might have on Plaintiffs, and as such, the conduct was malicious as that term is understood under Texas law.

## V.

### PLAINTIFFS' CLAIMS FOR VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

19.   The foregoing facts set out in paragraphs 1 through 18 are incorporated and repeated again in each of the following separately stated sections below that refer to a particular claim or cause of action as if repeated at length in each.

20.   Defendants' conduct constitutes a violation of the Texas Debt Collection Act ("TDCA"). TEX. FIN. CODE § 392.001, *et seq.*

21.   Defendants are debt collectors pursuant to the TDCA, and are attempting to collect an alleged debt from the Plaintiffs. Not only is there no debt owed to the Defendants, but Defendants' use of prohibited threats and coercion constitutes a wrongful act or acts pursuant to the TDCA. Defendants' used unfair or unconscionable means to collect the alleged debt, and Defendants made fraudulent, deceptive, or misleading representations to collect the alleged debt, and to unconscionably attempt to extract an agreement from Plaintiffs many times in excess of the actual amount they charge others to subscribe to Defendants' services, both of which are prohibited under the TDCA. These wrongful acts have resulted in Plaintiffs suffering injuries.

22.   Defendants' wrongful acts include, among other violations:

(a) Falsely accusing or threatening to accuse a person of fraud or another crime;

(b) Threatening to prosecute;

(c) Representing or threatening to represent to another person that a consumer is willfully refusing to pay a non-disputed debt if that debt is disputed and the consumer has notified the debt collector of the dispute in writing;

(d) Threatening a debtor with arrest for nonpayment of a consumer debt without proper proceedings;

(e) Threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law;

(f) Threatening to take an action prohibited by law.

(g) Attempting to collect interest, a fee, a charge, or an expense incidental to the obligation unless the interest, fee, charge, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the customer;

(h) Representing that attorneys' fees, investigation fees, or other charges may be added to a consumer debt when those charges are not authorized by statute or written contract.

23. Plaintiffs are entitled to injunctive relief from Defendants' actions. In addition, Plaintiffs are entitled to actual damages sustained as a result of Defendants' actions, as well as attorney's fees pursuant to Section 392.403 of the TEX. FIN. CODE and/or TEX. CIV. P. REM. CODE § 38.001.

## VI.

### PLAINTIFFS' CLAIM FOR UNREASONABLE COLLECTION EFFORTS, NEGLIGENT MISREPRESENTATION, CIVIL EXTORTION, INTENTIONAL TORT, AND ORDINARY AND GROSS NEGLIGENCE

24. The foregoing facts set out in paragraphs 1 through 23 are incorporated and repeated again in each of the following separately stated sections below that refer to a particular claim or cause of action as if repeated at length in each.

25. Defendants' conduct as aforesaid constitutes unreasonable collection efforts, civil extortion, negligent misrepresentation, negligence, gross negligence, and intentional tort.

26. Defendants represented false debts were owed by the Plaintiffs, and falsely represented and threatened certain improper, unethical, and illegal courses of action would be taken by them in order to attempt to collect substantial sums of money from the Plaintiffs. Plaintiffs justifiably relied on Defendants' representations, which proximately caused Plaintiffs' injuries of excessive anxiety and anguish.

27. Defendants' misstatements, misrepresentations, threats, coercion, and acts of civil intimidation and extortion were both intentionally and grossly negligent, in addition to being intentionally malicious and in reckless disregard of Plaintiffs' rights.

28. Plaintiff Bill Jackson, when contacted by Defendants, was not in the best of health, having barely survived extensive aortic surgery months before. However, as a result of the stress and trauma maliciously inflicted upon him by Defendants' negligent and intentional and reckless conduct as set out above, Jackson's recovery progress was exacerbated and slowed, with resulting mental anguish and physical injuries from which he still suffers. As a result of this improper conduct, Jackson has been traumatized so that he has suffered physical, emotional, and economic injuries and damages for which Plaintiffs now sue.

29. Plaintiffs are entitled to recover from Defendants their actual damages, as well as exemplary and punitive damages caused by Defendants' above conduct, in an amount of at least $750,000.

## VII.

## **TEXAS DECEPTIVE TRADE PRACTICES ACT COUNTS**

30. The foregoing facts set out in paragraphs 1 through 29 are incorporated and repeated again in each of the following separately stated sections below that refer to a particular claim or cause of action as if repeated at length in each.

31. In the alternative, Defendants' conduct constitutes a wrongful act pursuant to Texas Bus. & Comm. Code § 17.50, *et seq.* Defendants' conduct was false or misleading and constitutes deceptive acts or practices in the following particulars:

   (a) Defendants represented that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law;

   (b) Defendants failed to disclose information about services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer into a transaction that the consumer would not have entered into if the information had been disclosed;

   (c) Defendants' acts are an unconscionable act or acts that, to Plaintiffs' detriment, take advantage of Plaintiffs lack of knowledge, ability, experience, or capacity to a grossly unfair degree;

   (d) Defendants' acts are violations of the Texas Debt Collection Act and are, pursuant to the Deceptive Trade Practices Act tie-in statutes, a violation of the Deceptive Trade Practices Act; consequently, Plaintiffs are entitled to recover any actual damages incurred, including Plaintiff Bill Jackson's pain and suffering, mental anguish and economic damages.

Plaintiffs relied on the false, misleading, and deceptive acts or practices to Plaintiffs' detriment.

Plaintiffs are entitled to recover additional damages of up to three times the amount of economic and mental anguish damages because Defendants' wrongful acts were committed knowingly and/or intentionally.

## VIII.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, B.F. Jackson, Inc. d/b/a "Bill Jackson & Associates" and Bill Jackson, respectfully pray that Defendants CoStar Realty Information, Inc. d/b/a "CoStar Group" and Curtis Ricketts be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants for damages in an amount as aforesaid within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, attorney fees, costs of court, and such other and further relief to which B.F. Jackson, Inc. and Bill Jackson may be entitled at law or in equity.

Respectfully submitted,

By: /s/ William A. Harrison
    **WILLIAM A. HARRISON**
    State Bar No. 09125000
    Southern District Bar No. 2498
    William.harrison@strasburger.com
    **TRENT STEPHENS**
    State Bar No. 24008081
    Southern District Bar No. 25030
    Trent.stephens@strasburger.com
    **JAMIE WEBSTER**
    State Bar No. 24056504
    Southern District Bar No. 690090
    Jamie.webster@strasburger.com
    1401 McKinney, Suite 2200
    Houston, Texas 77010
    (713) 951-5600 – Telephone
    (713) 951-5660 – Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**

**STRASBURGER & PRICE, L.L.P.**
1401 McKinney, Suite 2200
Houston, Texas 77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of December, 2008, a true and correct copy of the foregoing document was served upon all counsel of record via electronic notice from the Clerk of the Court.

/s/ William A. Harrison
**WILLIAM A. HARRISON**